WM. DUGAN ET AL. *v.* CLINTON GRIFFITH ET AL.

**Appeal—Reversal—Judgment for Sale of Deceased's Land.**

A judgment of sale of a decedent's land was reversed, where there were unapplied assets in the hands of the administrator and there was no showing as to their insufficiency.

**Equity—Master Commissioner—Basis of Finding.**

A master commissioner has no right to act upon anything appearing in the record of another case which is not introduced as evidence and made an exhibit of the record.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 3, 1874.

OPINION BY JUDGE LINDSAY:

It is necessary, upon the present appeal, to decide as to the effect the failure to bring all the parties before the court would have had upon the judgment, if it were otherwise correct.

The master's report shows that Griffith, the administrator of Harrison, had in his hands certain notes, accounts, etc., part of the assets of the estate of the intestate, Dugan. No reason is given why these claims were not collected and applied to the satisfaction of the debts before a sale of the land was decreed. If they are worthless, that fact should be proven.

There is no evidence whatever, in the record, to sustain the claim of $3,536.12 allowed to Griffith. The master bases his claim upon what appears in the case of Griffith v. Wells. The record of that

case is not an exhibit in this, and the master had no right to act upon anything therein appearing. We have no means of knowing whether or not the evidence relied on sustains the opinion of the master; nor do we know whether these appellants, or any of them, or their ancestor, Dugan, or either of his administrators, were parties to the action of Griffith v. Wells, or in any way bound by anything therein appearing. The same objection applies to the claim of $422.47 allowed to parties said to be co-sureties with Griffith and the intestate on the bond of Harrison. The names of these parties are not even given.

For these errors the judgment of sale rendered September 23, 1871, must be reversed. This reversal has the effect of opening the entire cause, so far as the indebtedness of the intestate is concerned. The cause should be recommitted to the master, and all creditors allowed another opportunity to prove their claims. In the meantime the proper parties to the action instituted by Crabtree and Griffith, should all be brought before the court.

The reversal does not affect the order confirming the sales of the realty. The purchasers are not made parties to the appeal, and we cannot therefore inquire into the propriety of the action of the court on this branch of the case. The cause is remanded for further proceedings as herein indicated.

*L. P. Little, for appellants.*

*Sweeney & Stuart, for appellees.*